UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BENCHMARK TOWING SYSTEMS,
LLC, and HEAVY DUTY TOWING
SAN ANTONIO, LLC d/b/a SAN
ANTONIO HEAVY DUTY,**

       *Plaintiffs*,

**v.**                                         **Case No. 5:23-CV-0614-JKP**

**CHACON BUSINESS GROUP, INC.;
CHACON BUSINESS GROUP, LLC;
CHACON HEAVY TOWING LLC;
LUIS ESTEVIS CHACON III; and
LANCE E. CHACON IV,**

       *Defendants*.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are two motions and related briefing: (1) Motion to Consolidate (ECF No. 32); responses (ECF Nos. 35, 37, and 39); and reply (ECF No. 41) and (2) Motion to Stay Pending Consolidation (ECF No. 44); response (ECF No. 46); and reply (ECF No. 47). Plaintiffs seek to consolidate two later-filed cases (Case Nos. 5:23-CV-1377-FB and 5:24-CV-00652-FB) with this case. The motions are ripe for ruling. For the reasons that follow, the Court denies consolidation and moots the other motion.

Plaintiffs initially filed a similar motion to consolidate in Case No. 5:24-CV-00652-FB. As shown by the proposed order granting consolidation in that case, Plaintiffs sought to consolidate the three cases into Case No. 5:23-CV-1377-FB. That proposed order would have also vacated the scheduling order in this case and have a new one entered in the second case. The Court appropriately denied the initial motion to consolidate because under the "first-filed rule," Plaintiffs should have made its motion to consolidate in this case, as the first filed case. *See Sutter*

*Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). The Court also stayed the third case pending the filing and resolution of a motion to consolidate in this case.

This long-recognized rule flows from "the principle of comity," which "requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Id.* (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)). The rule exists "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (same). Thus, when "the issues presented can be resolved in an earlier-filed action pending in another district court," the court presiding over a later-filed action may appropriately defer the matter for ruling in the earlier-filed case. *Id.* (same). This means that when cases "overlap on the substantive issues," they typically should "be . . . consolidated in . . . the jurisdiction first seized of the issues." *Id.* (quoting *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 n.6 (5th Cir. 1971)). Even though the rule is most applicable in cases involving different district courts, a form of the rule is typically utilized—whether formally or informally—when two judges within the same district court have related or potentially related cases.

Plaintiffs thus filed the instant motion to consolidate in this case. They seek to consolidate three cases that they separately filed in this Court. The instant case filed in May 2023 concerns Plaintiffs' claims against what the Court will refer to as the Chacon Defendants (three Chacon entities and two individuals). The second case (Case No. 5:23-CV-1377-FB) filed in October 2023 concerns Plaintiffs' claims against two other individuals (Nicholas Longoria and Iris Vasquez Castaneda) as well as Heavy Duty Towing & Services, LLC (collectively referred to by the Court as "the Longoria Defendants"). This second case also includes counterclaims against Plaintiffs and two individuals (Jeffrey Weingart and Oscar Weingart). Plaintiffs commenced the

third case against the Chacon Defendants, the Longoria Defendants, and two new defendants (Robert Northcutt and Doggett Freightliner of South Texas, LLC).

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). The Court has discretionary authority to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). It also has discretion to "join for hearing or trial any or all matters at issue in the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1) and (3). A "court's managerial power is especially strong and flexible in matters of consolidation." *Gordon v. E. Air Lines, Inc. (In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972)*, 549 F.2d 1006, 1013 (5th Cir. 1977). Judges should "make good use of Rule 42(a) . . . to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Consolidation may be warranted "despite the opposition of the parties." *Id.* But courts may properly deny consolidation "in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989). The party seeking consolidation has the burden to demonstrate that consolidation is proper. See *Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993).

All defendants in the three cases oppose consolidation on a number of grounds. *See* ECF Nos. 35, 37, and 39. Among other matters, they argue that (1) the third case asserts claims that are wholly unrelated to the unfair competition and intellectual property claims against the Chacon and Longoria Defendants; (2) Plaintiffs knew the facts related to the new claims against the new defendants prior to the joinder deadline passing in the first case; (3) Plaintiffs have not carried their burden to show that consolidation will not prejudice the new defendants; (4) the proposed consolidation multiplies the scope of the litigation contrary to the purposes of consolidation; (5) no or insufficient overlap exists between the first and second lawsuits; (6) any overlap

between those cases and the third case is only due to Plaintiffs improperly duplicating claims in the third case; and (7) Plaintiffs chose to file these cases separately. *See* ECF Nos. 35, 37, and 39.

The Court agrees that Plaintiffs have not carried their burden to show that consolidation is proper at this juncture. While there may be other reasons to deny consolidation, the Court denies consolidation at this point because the third case is at a very different stage than the two earlier cases. For this case, discovery is scheduled to be completed by January 13, 2025, with dispositive motions due February 28, 2025. *See* ECF No. 29. As is customary for cases of the undersigned, trial is scheduled after resolution of dispositive motions. In the second case, discovery is to be completed by October 23, 2024, with dispositive motions due by December 4, 2024, and trial to be scheduled thereafter. *See* Scheduling Order (ECF No. 40 in second case); Order (ECF No. 48 in second case). Unlike these two earlier cases that have progressed well into discovery and have approaching dispositive motion deadlines, the third case has yet to have an entered scheduling order. Further, when the third case was stayed pending a motion to consolidate in this case there were multiple motions to dismiss and other pending motions that raised matters that are simply not at issue in the case pending before the undersigned.

At this juncture, consolidation of the most recent case with the two more established cases is not warranted. The newest case has two new parties along with raised matters that are not at issue in this first-filed case. Accordingly, the Court **DENIES** the Motion to Consolidate (ECF No. 32) and **MOOTS** the Motion to Stay Pending Consolidation (ECF No. 44). Recognizing that matters may change as these cases progress to final resolution, the Court denies the motion to consolidate without prejudice to another such motion should the dissimilarities of the cases lessen, and the cases reach a similar litigation stage either through acceleration of the third case or through the earlier cases stalling or stagnating for unforeseen reasons.

Notably, no one seeks to consolidate just the two established cases and, until Plaintiffs filed the third case and moved for consolidation of the three cases, no one suggested that the two established cases were related enough for consolidation. Indeed, it appears that Plaintiffs are attempting to manufacture relatedness so as to add new parties to older cases after joinder deadlines have passed in the older cases. While the first two cases concern similar legal issues, they seem to be based on different facts. With the third case, Plaintiffs have combined the issues of the first two cases while adding new defendants and new claims.

**IT IS SO ORDERED this 4th day of October 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**